UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **DONNA BOUDREAUX** | \* | **CIVIL ACTION NO. 11-1213** |
| | \* | |
| **VERSUS** | \* | **SECTION "C"** |
| | \* | |
| | \* | **HON. HELEN BERRIGAN** |
| **ACE AMERICAN INSURANCE** | \* | |
| **COMPANY; UNITED ROAD** | \* | **MAG. CHASEZ** |
| **SERVICE,INC.; and SHON** | \* | |
| **WASHINGTON** | \* | **A JURY IS DEMANDED** |
| | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER AND REASONS[1]**

Before this court is defendants Ace American Insurance Company and United Road Service, Inc.'s Motion for Partial Summary Judgment on plaintiff's claim for personal injuries, specifically that they are entitled to judgment as a matter of law on the issues of (1) plaintiff's alleged need for surgery and (2) plaintiff's claims for past and future lost wages. (Rec. Doc. 28).

Having reviewed the record, memoranda of counsel, and the applicable law, defendant's Motion for Partial Summary Judgment is DENIED (Rec. Doc. 34) for the following reasons.

**I. Factual Background**

It is uncontested that on May 25, 2010, Plaintiff Donna Boudreaux ("Boudreaux") was involved in a motor vehicle accident. (Rec. Doc. 28-6 at 1, ¶1 and Rec. Doc. 33-1 at 1, ¶ 1). Plaintiff avers that on this date, Shon Washington ("Washington")[2] collided with her vehicle.

---

[1] Katharine Williams, a third year law student at Tulane University, helped prepare this order.

[2] Defendant Washington has been dismissed without prejudice. (Rec. Doc. 13).

(Rec. Doc. 1 at 2, ¶¶ VI, VII). Plaintiff further claims that, at the time of the collision, Washington was in the course and scope of his employment with defendant United Road Services, Inc. ("United"). (Rec. Doc. 1 at 2, ¶ VI). Also made defendant in this suit is Ace American Insurance Company ("Ace"), whom plaintiff claims issued a policy of insurance that was in full force and effect at the time of accident, under the terms and conditions of which it agreed to insure and indemnify defendant United for the type of liability she asserts in this claim. (Rec. Doc. 1, at 3, ¶ IX). Liability is disputed. (Rec. Doc. 28-1 at 1).

In her complaint, plaintiff asserts that these three defendants are indebted jointly, severally, and in solido for the damages that resulted from this incident. Plaintiff Boudreaux claims that she has sustained physical injuries as a result of this accident, including but not limited to her wrist, shoulders, back and neck. (Rec. Doc. 1 at 3, ¶ X). Plaintiff states that she is entitled to compensation in the form of damages for these physical injuries, together with: physical pain and suffering, mental anguish, distress, past, present and future medical expenses, and loss of wages and/or earning capacity. *Id.*

## II. Procedural Postures

Defendants Ace and United have submitted this Motion for Partial Summary Judgment, requesting that this Court find that, as a matter of law, plaintiff does not require surgery as a result of her injuries and that plaintiff's claims for past and future lost wages should be dismissed. (Rec. Doc. 28 at 1). Defendants submit that there exist no genuine issues of material fact so far as these claims are concerned. *Id.*

In support of this Motion, defendants Ace and United claim that, as of the date the motion was filed, they had not been provided with any evidence to suggest that plaintiff

Boudreaux has received a recommendation for surgery. (Rec. Doc. 28-1 at 1). They state that plaintiff has not submitted any expert reports[3] regarding a recommendation for surgery. (Rec. Doc. 28-1 at 2). Defendants state that plaintiff's Witness List (Rec. Doc. 24) does not specifically identify any doctors who could make a recommendation for surgery. They further state that plaintiff has not presented any evidentiary support for her allegation that she sustained loss of wages and/or earning capacity. (Rec. Doc. 28-1 at 2). To support this statement, they offer testimony from plaintiff's former employer stating that she was fired for unsatisfactory performance, and that her termination had nothing to do with her alleged injuries. (Rec. Doc. 28-1 at 2), *citing* (Rec. Doc. 28-2 and Rec. Doc. 28-3 at 2). In addition, defendants provide testimony from plaintiff's treating physician that he did not order any work restrictions for plaintiff. (Rec. Doc. 28-1 at 2), *citing* (Rec. Doc. 28-4 at 4-5).

Plaintiff Boudreaux argues in response that her medical treatment is on-going, and that she has received a referral for a surgical consultation, though after the deadline for submitting expert reports[4]. (Rec. Doc. 33 at 1 and Rec. Doc. 33-3 at 1). Plaintiff further states that her treating physician, Dr. Johnston, does have the authority to recommend surgery on her behalf. (Rec. Doc. 33 at 12).

### III. Law and Analysis

**a. Summary Judgment: Standard of Review**

---

[3] The deadline for submitting expert reports was January 28, 2013. (Rec. Doc. 21). Plaintiff's Motion for Leave of Court to File Motion for Extension of Plaintiff's Expert Report Deadline (Rec. Doc. 30) was denied. (Rec. Doc. 31).

[4] Plaintiff's Orthopedic Surgeon, Dr. F. Allen Johnston, ordered a "Cervical/Lumbar Surgical Consultation" on February 6, 2013. (Rec. Doc. 33-3 at 1).

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004), *citing Daniels v. City of Arlington, Tex.*, 246 F.3d 500,502 (5th Cir. 2001). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 at 255. A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *Bellard*

*v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012), citing *Anderson*, 477 U.S. 242 at 248–49. Conclusory allegations and unsubstantiated assertions will not satisfy the plaintiff's burden. *Id.*

**b. Damages**

Plaintiff Boudreaux claims that she sustained physical injuries as a result of the accident, and that she is entitled to damages for (i) medical expenses and (ii) lost wages.(Rec. Doc. 1 at 3). Defendants Ace and United have submitted this Motion for Partial Summary Judgment requesting that this Court find, as a matter of law, plaintiff does not require future medical care in the form of surgery, and that they should prevail on the issue of lost wages because plaintiff has not presented any evidentiary support for this claim. (Rec. Doc. 28-1 at 2). If this Court finds in the defendants' favor on these issues, plaintiff Boudreaux will not be entitled to any compensation in the form of damages for future surgeries she may have, nor will she be entitled to damages for the wages and earning capacity she alleges she lost as a result of the accident.

In Louisiana, every act of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2315. Under Louisiana Civil Code article 2315, a tortfeasor must compensate a tort victim for all of the damages occasioned by his act. *Id.* The term "damages" refers to "pecuniary compensation, recompense, or satisfaction for an injury sustained." *Willis v. Noble Drilling (US), Inc.*, 11-598 (La.App. 5 Cir. 11/13/12), 105 So.3d 828, 843, *citing Fogle v. Feazel*, 201 La. 899, 909, 10 So.2d 695, 698 (1942).

To be entitled to recover damages in a tort suit, the plaintiff must prove by a preponderance of the evidence that: (1) injuries were sustained and (2) the injuries were caused by the accident. *Revel v. Snow,* 95-462 (La.App. 3 Cir. 11/2/95), 664 So.2d 655, 659; *see also Serou v. Touro Infirmary*, 2012-0089 (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, 1091. In

establishing causation in a civil case, the plaintiff must prove by a preponderance of the evidence that her injuries were caused by the defendant's negligence. *Boothe v. New Orleans Public Service, Inc.*, 447 So.2d 620, 621 (La.App. 4 Cir. 1984). This burden may be met either by direct or by circumstantial evidence. *Id.* Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. *Id.* Plaintiff is not required to negate all other possible causes, but only to negate all other reasonably probable explanations, "otherwise the mere identification in the record of another possible explanation, no matter how improbable, would defeat any claim based upon circumstantial evidence."*Crews v. Broussard Plumbing and Heating*, 2009-1268 (La.App. 3 Cir. 5/12/10), 38 So.3d 1097, 1101, *citing Babin v. Burnside Terminal, Greater Baton Rouge Port Comm'n*, 577 So.2d 90, 96 (La.App. 1 Cir. 1990).

**i. Medical Expenses**

Defendants Ace and United request partial summary judgment on the issue of medical expenses, specifically that, as a matter of law, plaintiff has not shown a need for surgery as a result of her injuries. (Rec. Doc. 28 at 1). Plaintiff has produced specific evidence that a surgical consultation is forthcoming (Rec. Doc. 33-3 at 1), and that the issue of whether or not surgery will be necessary is in dispute.

A tortfeasor is liable for the full amount of medical expenses incurred in treatment of injuries for which he or she is responsible. *Revel v. Snow*, 95-462 (La.App. 3 Cir. 11/2/95), 664 so.2d 655, 661. The test for determining the causal relationship between the tortious conduct and subsequent injuries is whether the plaintiff proved through medical testimony that it was more probable than not that subsequent injuries were caused by the accident. *Watters v. Department of Social Services*, 2011-1174 (La.App. 4 Cir. 3/14/12), 102 So.3d 118, 124. A plaintiff may

recover past and future medical expenses caused by tortious conduct, but the victim must establish that he incurred past medical expenses in good faith as a result of his injury and future medical expenses will more probably than not be incurred, and future medical expenses must be established with some degree of certainty. *Menard v. Lafayette Ins. Co.,* 2009-1869 (La. 3/16/10), 31 So.3d 996, 1006 (internal citations omitted). The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence that the future medical expense will be medically necessary. *Id.* at 1006, *citing Hoskin v. Plaquemines Parish Gov't*, 97-0061 (La.App. 4 Cir. 12/1/97), 703 So.2d 207, 211, *writ denied,* 98-271 (4/3/98), 717 So.2d 1129. Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. *Serou v. Touro Infirmary*, 2012-0089 (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, 1091, *citing Chavers v. Travis*, 04-0992 (La.App. 4 Cir. 4/20/05), 902 So.2d 389, 395.

Testimony from plaintiff Boudreaux's treating physicians and surgeons may be admissible even if they are not qualified as experts.[5] A treating physician who has not been qualified as an expert witness may be competent to testify as a fact witness under Federal Rule of Evidence 602, so long as evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed.R.Evid. 602; *see also Engenium Solutions, Inc. v. Symphonic Technologies, Inc.,* No. H-10-4412, 2013 WL 596584 at *11, n.8 (S.D. Tex. Feb. 15, 2013), *citing Musser v. Gentiva Health Servs.,* 356 F.3d 751, 757 (7th Cir. 2004) (recognizing

---

[5] Rule 26 requires parties to disclose the identities of expert witnesses. Fed.R.Civ.P. 26(a)(2)(A). Witnesses "retained or specially employed to provide expert testimony in the case" must also provide a detailed written report. Fed.R.Civ.P. 26(a)(2)(B). If a witness is not testifying as an expert, testimony in the form of an opinion is limited to testimony that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed.R.Evid. 701.

that "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts" and excluding expert testimony of treating physicians and nurses who were listed as fact witnesses.).

Summary judgement on the issue of whether or not Boudreaux's alleged injuries will require surgery is premature, and inappropriate as there is a genuine issue of fact as to whether or not that surgery will be required.

### ii. Lost Wages: Past and Future

To recover for actual wage loss, a plaintiff must prove that she would have been earning wages but for the accident in question. *Sloan v. Mouton*, 2011-804 (La.App. 3 Cir. 12/7/11), 82 So.3d 364, 378. It is the plaintiff's burden to prove the amount of work missed due to injuries caused by the accident. *Id., citing Boyette v. United Servs. Auto. Ass'n,* 00–1918 (La.4/3/01), 783 So.2d 1276. Defendants argue that Ms. Boudreaux has not provided any support for her allegation of lost wages/earning capacity as a result of the accident (Rec. Doc. 28-1 at 2). They support this argument with testimony from plaintiff's former employer, who stated that plaintiff's termination had nothing to do with her alleged injuries, and with a statement from plaintiff's treating physician that he "did not order any work restrictions" for plaintiff. *Id.*

The Court finds that summary judgment is not appropriate on plaintiff's claim for lost wages. Neither of the two statements presented in support of this Motion for Partial Summary Judgment on plaintiff's claims for past and future lost wages are dispositive. (Rec. Dopc. 34). Boudreaux's former employer has stated that her termination had nothing "to do with the accident or the injuries she sustained in the accident" at issue in this claim (Rec. Doc. 28-3 at 2). In that deposition he also stated that he did not work in the same floor as Ms. Boudreaux and did

not recall if she complained of injuries she sustained in the accident. (Rec. Doc. 28-3 at 4). Mr. Ramsey (Boudreaux's former employer) stated: "I just wanted the results; I didn't want the process. And I kind of let my staff know that, so they usually don't come to me with too much of their – too many excuses." *Id.* This testimony suggests that Mr. Ramsey may not have been aware of any impact that Ms. Boudreaux's alleged injuries had on her ability to perform her duties.

Defendants also cite the testimony of plaintiff's treating physician, specifically that he did not recommend any work restrictions, in support of their motion for summary judgment on the issue of whether or not Ms. Boudreaux is entitled to compensation for lost wages as a result of the alleged injury. (Rec. Doc. 28-1 at 6). However, in that same deposition, Dr. Johnston stated: "[t]hat's a light-duty job. I mean, there was really nothing to modify it, other than telling her don't hold your head bent down for prolonged periods of time, alternating sitting if you need to because of the back pain." (Rec. Doc. 28-4 at 4-5). This suggests that Dr. Johnston did suggest modifications, and that the symptoms for which he was treating may have required some modifications in Ms. Boudreaux's activities. Furthermore, Ms. Boudreaux testified in her deposition that she did not take prescribed pain medication at work because it affected her concentration and that the pain itself was also a distraction. (Rec. Doc. 33 at 9-10).

The records indicate that Ms. Boudreaux's medical treatment is on-going, and that she has been referred for a surgical consultation. Factual disputes about Ms. Boudreaux's need for future surgery could permit a reasonable jury to return a verdict for Ms. Boudreaux, and therefore summary judgment is precluded. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d at 762. Further, Ms. Boudreaux disputes her former employer's testimony that her termination had

nothing to do with her alleged accident. The testimony of these two witnesses is in conflict, and credibility determinations in regard to witness testimony are functions for the jury, not for a judge. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 at 255.

### V. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is DENIED. (Rec. Doc. 28).

New Orleans, Louisiana, this 25th day of March, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**