UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA BOUDREAUX | CIVIL ACTION |
| VERSUS | NO. 11-1213 |
| ACE AMERICAN INSURANCE COMPANY; UNITED ROAD SERVICES, INC., AND SHON E. WASHINGTON | SECTION "C" (5) |

**ORDER AND REASONS**

Before the Court are four motions (1) plaintiff's second and supplementary motion for sanctions available under Federal Rule of Civil Procedure Rule 37 and this Court's inherent powers (Rec. Doc. 100), (2) plaintiff's motion to amend the pretrial order (Rec. Doc. 134), (3) defendants' motion for reconsideration of its Order on Motions in Limine (Rec. Doc. 102), and (4) the remaining claims from defendant's motion in limine following submission of defendants' supplemental memorandum (Rec. Doc. 68 & 104).  Based on the facts, the memoranda of counsel, and the law, the Court rules as follows.

**A. Motion for sanctions and motion to amend the pretrial order (Rec. Docs. 100 & 134)**

A district court has considerable discretion to impose sanctions under Rule 37. *McLeod, Alexander, Powel & Apffel, PC*, 894 F.2d 1482, 1486 (5th Cir. 1990) (quoting *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir.), *cert. denied*, 488 U.S. 855, 109 S. Ct. 143, 102 L.Ed.2d 115 (1988)).  Sanctions may be imposed for a party's failure to make disclosures or to cooperate in discovery including if a party fails "to disclose, to supplement an earlier response, or to admit." FED.R.CIV.P. 37(c)(1).  Additionally, when a party's conduct is not effectively

1

sanctionable pursuant to an existing rule or statute, a district court may rely on its inherent power to impose sanctions. *Carroll v. Jaques Admiralty Law Firm P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). A Court must exercise caution in evoking its inherent power, and it must do so with due process. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S.Ct. 2123, 2138, 115 L.Ed.2d 27 (1991)).

The Court finds that defendants intentionally withheld and/or failed to supplement their discovery responses. Defendants' conduct was willful and taken in bad faith. Defendants re-employed Shon Washington during the pendency of this litigation. (Rec. Doc. 100-1 at 5). Plaintiff submitted information documenting defendants' re-employment of Shon Washington along with their motion for sanctions. Plaintiff claims Shon Washington was re-employed with defendant from October 9, 2012 to January 23, 2013. *Id.* The documentation plaintiff has submitted in support of this allegation includes an "Application for Employment" from September 14, 2012, an "Acknowledgment and Receipt of Harassment Policy" dated October 6, 2012, Shon Washington's "Rehire PAR" dated October 9, 2012, and a "Termination PAR" from January 25, 2013. (Rec. Doc. 100-1 at 5 & Exhs. 5, 6, 7 & 8). The Court finds that this documentation is sufficient to demonstrate that defendants were aware of Washington's whereabouts when they re-employed him. Defendants did not provide or supplement discovery requests for Shon Washington's address despite the fact that it was listed on Washington's application for employment in September of 2012. *Id.* at 5. Plaintiff's lawsuit may have proceeded differently had Washington's whereabouts been supplemented to plaintiffs.

Washington's cell phone number was on his application for re-employment and should

have been disclosed to plaintiff in September of 2012 rather than April of 2013. *Id.* at 7. Additionally, plaintiff claims that in October of 2012 defendants produced a one-page email dated May 21, 2008 rather than four more pages of emails that were produced after Magistrate Chasez's May 15, 2013 Order. (Rec. Doc. 89.)  Plaintiff claims she was unduly prejudiced and harmed by the lack of disclosure of these additional emails because they contain the names of individuals the plaintiff could have deposed to learn more about Washington's prior careless driving incident. (Rec. Doc. 100-1 at 8.)  Additionally, plaintiff alleges harm because defendants did not turn over Washington's entire employment record until May 28, 2013. *Id.* at 9.  The Court finds merit in plaintiff's allegations and seeks to cure this harm.  Specifically, under Rule 37(c)(1)(C) the Court may impose appropriate sanctions included, but not limited to the list outlined in Rule 37(b)(2)(A)(i)-(vi).

    The Court partially grants and partially denies plaintiff's motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure.  While the Court denies the issuance of a default judgment and denies the limitation of defendants' presentation of defenses to liability, the Court grants plaintiff's motion to amend the pretrial order as a sanction against defendants. (Rec. Doc. 134.)  The Court modifies its pretrial order to prevent manifest injustice. FED.R.CIV.P. 16; *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 93 (5th Cir. 1973) (citing *Sherman v. United* States, 462 F.2d 577 (5th Cir. 1972)).  The Court has already permitted the parties to submit additional evidence in the Bench Books. (Rec. Doc. 110 at 1.)  If plaintiff did not include Dr. Wyatt's 17-page medical report or Dr. Hoang's medical records, she shall be granted leave to add these two additional exhibits to the contested exhibits in the bench book within 24 hours.  Defendants shall

submit any opposition to the admission of the medical records within 48 hours of the issuance of this Order and Reasons. The Court has already permitted Dr. Wyatt to testify as a fact witness.  If plaintiff wishes to have Dr. Wyatt testify as an expert witness, it shall provide an expert report to the defendants within twenty-four hours and notify the Court that it has fulfilled the requirement for expert reports. FED.R.CIV.P. 26(a)(2)(B).  United Road's Risk Manager, Charles Baxter shall also be admitted as a fact witness. (Rec. Doc. 134 at 2.)  The plaintiff must file an amended pretrial order into the record within 48 hours of the issuance of this Order and Reasons. The Court shall not continue all deadlines. The Court also grants plaintiff attorney's fees for bringing the motion for sanctions. FED.R.CIV.P. 37(b)(2)(C).  The amount of attorney's fees is referred to the Magistrate Judge.  However, in consideration of the Court's past decision to freeze all deadlines (Rec. Doc. 82), defendants now shall be given the option of extending the date of trial for two weeks in order to schedule Dr. Wyatt's deposition or an Independent Medical Exam.

**B. Motion for reconsideration of Courts' Order on Motions in Limine (Rec. Doc. 102)**

The Court partially grants and partially denies defendants' motion for reconsideration of its Order on Motions in Limine. (Rec. Doc. 102.)  Defendants claim that while treating physicians have been traditionally exempt from the Federal Rules of Civil Procedure, Rule 26 report requirements, this has changed after the 2010 amendments to the Federal Rules. *Id.* at 3. Defendants rely on *Perdomo v. United States*, No. 11-2374, 2012 WL 2138106, at *1 (E.D. La. June 11, 2012), in order to support their contention that the law has changed.  However, this Court appropriately relied on the Fifth Circuit case, *Hamburger v. State Farm Mutual Auto Insurance, Co.*, 361 F.3d 875, 882 (5th Cir. 2004). (Rec. Doc. 98 at 4.)  Defendants cite to the

*Perdomo* Court's interpretation of the 2010 Advisory Committee Notes to Federal Rule of Civil Procedure 26(a)(2)(C). FED.R.CIV.P. 26(a)(2)(B) Advisory Committee Note. Those notes do not require expert reports from treating physicians. However, the notes to Rule 26(a)(2)(C) require that witnesses who do not provide a written report must provide a disclosure that states (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of facts and opinions to which the witness is expected to testify. *Id.* at 26(a)(2)(C). Out of an abundance of caution, the Court orders plaintiffs to disclose to the defendants a brief summary of the opinions of the doctors whose testimony it shall offer as fact witnesses at trial. These opinions shall be produced to defendants by July 11, 2013 at 4:30 p.m. The same rule is applicable to the defendants. The parties may choose to follow the same procedures as the Court followed in *Perdomo* and state to the opposing party that the physician shall restrict his or her opinions to the medical records it has already disclosed. 2012 WL 2138106, at *1.

      Additionally, defendants have suggested that the Court may have misinterpreted their motion in limine to exclude the testimony of Dr. Johnson. (Rec. Doc. 102 at 5). While Dr. Johnson shall be permitted to testify, he shall not be permitted to introduce any hearsay statements. FED.R.EVID. 802. Statements made by other doctors rather than a patient to a physician do not fall within the exceptions outlined in Rule 803(4). However, a statement made by the patient to Dr. Johnson for the purpose of medical diagnosis or treatment, and describing the patient's medical history would be exempt from the rule against hearsay under Rule 803(4). The Court shall rule at trial as to whether Dr. Johnson's statements are hearsay.

**C. Remaining claims from defendants' motion in limine following submission of defendants' supplemental memorandum (Rec. Doc. 68 & 104)**

The Court gave defendants leave to respond to plaintiff's supplemental memorandum on the exclusion of evidence or testimony regarding Shon Washington's citation by June 24, 2013, at 9:00 a.m. (Rec. Doc. 98 at 3). With regard to Washington's prior accident and termination, the Court GRANTS defendants' motion in limine. (Rec. Doc. 68-1 at 3-4.) Evidence from Mr. Washington's 2005 accident and termination shall be excluded. FED.R.EVID. 402. The Court finds the previous accident not to be "closely similar" to the accident at issue in the present case. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993), (citing *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 778 (5th Cir. 1986)). It is therefore not relevant. FED.R.EVID. 402.

The Court also grants the defendants motion to exclude the citation received by Washington following the alleged accident. (Rec. Doc. 68-1 at 6-8.) It shall also be excluded as unduly prejudicial. FED.R.EVID. 403. The City of Kenner dismissed the citation under Kenner City Ordinance 5474. (Rec. Doc. 68-3, Exh. B.) This dismissal constitutes an acquittal. (Rec. Doc. 68-4, Exh. C.) Introduction of the evidence could confuse the jury. FED.R.EVID. 403.

The Court previously ruled that it could not judge defendants' motion to exclude evidence of past criminal convictions without knowledge of those convictions. (Rec. Doc. 98 at 2.) In defendants' opposition to plaintiff's motion to amend the pretrial order (Rec. Doc. 140 at 6), defendants suggested that the prior conviction referenced may be Washington's prior conviction for downloading music off the internet. Plaintiff shall not be permitted to reference this prior alleged conviction. FED.R.EVID. 402 & 403.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's second and supplementary motion for sanctions available under Federal Rules of Civil Procedure Rule 37 and this Court's inherent powers is PARTIALLY GRANTED AND PARTIALLY DENIED. (Rec. Doc. 100.)

2. Plaintiff's motion to amend the pretrial order is GRANTED. (Rec. Doc. 134.)

3. Plaintiff is granted leave to add Dr. Wyatt's 17-page medical report and Dr. Hoang's medical records as two additional exhibits to the contested exhibits in the bench book by 12:00 p.m. on July 10, 2013.

4. Defendants may submit any opposition to the additional exhibits by 12:00 p.m. on July 11, 2013.

5. Plaintiff shall file an amended pretrial order into the record by 12:00 p.m. on July 11, 2013.

6. If plaintiff wishes to have Dr. Wyatt testify as an expert witness, it shall provide an expert report to the defendants by 12:00 p.m. on July 10, 2013 and notify the Court by this time that it has fulfilled the requirement for expert reports.

7. Defendants shall pay plaintiff attorney's fees for bringing the motion for sanctions, and refers the amount of attorney fee's to the Magistrate Judge.

8. Defendants shall inform the Court by 4:30 p.m. on July 11, 2013 as to whether they wish to continue the trial date to July 29, 2013.

9. The Court PARTIALLY GRANTS and PARTIALLY DENIES defendants' motion for

reconsideration of its Order on Motions in Limine. (Rec. Doc. 102.)

10. Each party shall disclose to the other side a brief summary of the opinions of the doctors whose testimony it shall offer as fact witnesses at trial. These summaries shall be exchanged by July 11, 2013 at 4:30 p.m.

11. The Court GRANTS the remaining motions from defendants' motion in limine as detailed above. (Rec. Doc. 68.)

New Orleans, Louisiana, this 9th day of July, 2013.

                        HELEN G. BERRIGAN
                        UNITED STATES DISTRICT JUDGE